UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOBBY REE MCGEE, JR.,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　CASE NO. 6:16-cv-1353-Orl-31DCI
　　　　　　　　　　　　　　　　　　　　　　　　　(6:08-cr-264-Orl-31DCI)
UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Bobby Ree McGee, Jr. (Doc. 6) and supporting memorandum of law (Doc. 14). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. 17). Petitioner filed a reply to the response (Doc. 20).

Petitioner alleges one claim for relief in his § 2255 motion, that he no longer qualifies as an Armed Career Criminal pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act's definition of "violent felony" is unconstitutionally vague).[1] For the following reasons, the Court

---

[1] The Supreme Court held in in *Welch v. United States,* 136 S. Ct. 1257 (2016), that *Johnson* is retroactive to cases on collateral review.

concludes that Petitioner is not entitled to relief.

## I. PROCEDURAL HISTORY

Petitioner was charged by indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Criminal Case 6:08-cr-264-Orl-31DCI, Doc. 1).[2] Petitioner entered a guilty plea to the count as charged (Criminal Case Doc. 26). The Magistrate Judge entered a report and recommendation, recommending the Court accept the guilty plea (Criminal Case Doc. 31). The Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. 34). Petitioner was sentenced pursuant to the Armed Career Criminal Act ("ACCA") to a 180-month term of imprisonment to be followed by three years of supervised release (Criminal Case Doc. 38). Petitioner did not appeal.

Petitioner filed a § 2255 motion in case number 6:11-cv-331-Orl-31DAB, arguing his ACCA sentence was unconstitutional pursuant to *Johnson v. United States*, 559 U.S. (2010) (holding that the Florida felony offense of battery does not have an element of the use of physical force against another person and therefore does not qualify as a violent felony under § 924(e)(1)) (Criminal Case Doc. 41). The Court denied the motion (Criminal Case Doc. 46). On June 20, 2016, the Eleventh Circuit Court of Appeals granted Petitioner leave to file a second or successive § 2255 motion in light of *Johnson*, 135 S. Ct. 2551

---

[2] Hereinafter Criminal Case No. 6:08-cr-264-Orl-31DCI will be referred to as "Criminal Case."

(Criminal Case Doc. 52).

## II. LEGAL STANDARD

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## III. ANALYSIS

Petitioner alleges that he is entitled to resentencing pursuant to *Johnson*, 135 S. Ct. 2551 (2015), because he no longer has the requisite prior convictions to qualify under the ACCA (Doc. 14 at 2). Petitioner states that the presentence investigation report ("PSR") did not specify which prior convictions were used as qualifying predicate convictions. *Id.* at 1. Petitioner admits that he has two prior convictions for delivery of cocaine which

qualify as serious drug offenses for the purposes of the ACCA. *Id.* at 2-3. However, Petitioner contends that he does not have a third qualifying conviction because his prior convictions for attempted robbery, resisting an arrest with violence, and battery on a law enforcement officer do not qualify as violent felonies. *Id.* at 3.

Section 924(e) requires the Court to impose a 15-year minimum mandatory sentence for any convicted felon who possesses a firearm or ammunition after have been convicted of three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The term violent felony is defined as any crime punishable by imprisonment for a term exceeding one year and has (1) an element of the use, attempted use, or threatened use of physical force against another person, or (2) is burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).

The Government contends that attempted robbery and resisting an officer with violence qualify as violent felonies under § 924(e)(2)(B). In *United States v. Shotwell*, No. 16-15935, 2017 WL 4022794, at *3 (11th Cir. Sept. 13, 2017), the Eleventh Circuit concluded that a Florida conviction for robbery qualifies as a violent felony because "Florida's robbery statute has always required violence . . . and therefore, has as an element, the use, attempted, use, or threatened use of physical force against the person of another . . . ." In making this finding, the court relied on prior precedent, including *United States v. Lockley*, 632 F.3d 1238, 140 (11th Cir. 2011), in which the Eleventh Circuit held that attempted robbery qualifies as a crime of violence. *See also United States v. Fritts*, 841 F.3d 937 (11th

4

Cir. 2016) (holding that a Florida conviction for armed robbery qualifies as a violent felony under the ACCA and approving of *Lockley*).

Petitioner contends that these cases are no longer good law in light of *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (defining the phrase illicit trafficking in the federal Controlled Substances Act to determine whether a prior conviction qualifies as an "aggravated felony" under the INA), and *Descamps v. United States*, 133 S. Ct. 2276 (2013) (addressing whether a California burglary conviction qualifies as a violent felony under the elements or enumerated offenses clause of the ACCA). However, the Eleventh Circuit held in *United States v. Razz*, 679 F. App'x 950, 955 (11th Cir. 2017), that *Lockley* and its progeny have not been abrogated by *Moncrieffe* or *Descamps*. Therefore, Petitioner's argument is unavailing, and the Court concludes that his prior conviction for attempted robbery qualifies as a violent felony under the ACCA.

The Eleventh Circuit has also recently reaffirmed that resisting an officer with violence qualifies as a violent felony under the elements clause of the ACCA. *See United States v. Cargill*, No. 17-10237, 2017 WL 3863939, at *2 (11th Cir. Sept. 5, 2017) (citing *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015) and *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012)). Therefore, because Petitioner also has two qualifying serious drug offenses, he fails to meet his burden of demonstrating that he no longer qualifies for an ACCA sentence. *See Beeman v. United States*, 871 F.3d 1215, 1223-25 (11th Cir. 2017) (noting the in a § 2255 proceeding, the movant has the burden of proof and

persuasion to show that he is entitled to relief).³

The Government also argues that Petitioner is not entitled to relief because he cannot show that he was sentenced using the residual clause (Doc. 17 at 17). The parties note that the PSR in this case does not address the basis for Petitioner's ACCA sentence. In other words, during the sentencing proceeding, the Court did not delineate which prior convictions it was using for ACCA purposes, nor is it apparent if the Court relied on the residual clause (Criminal Case Doc. 44). Furthermore, Petitioner did not object to his ACCA sentence or challenge any of his prior convictions. *Id.* Petitioner fails to demonstrate it is more likely than not that he was sentenced under the residual clause or that "but for the residual clause he would have received a different sentence." *Beeman*, 871 F.3d at 1225. Accordingly, he is not entitled to relief on this claim.

Any of Petitioner's allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner fails to make such a showing. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

³ Because the Court has concluded that Petitioner has three qualifying prior convictions under the ACCA, it need not address whether battery on a law enforcement officer qualifies as a violent felony.

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 6) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:08-cr-264-Orl-31DCI and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 53) pending in that case.

4. Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of December, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record